Thank you, Mr. Cain. The next case we're going to hear is Martinez v. Attorney General, appellate number 19-1740. And we'll hear from Ms. Roy. May it please the court, Susan Roy appearing pro bono on behalf of the petitioner, Luis Grijalva Martinez. I would like to reserve two minutes for rebuttal time. And also, to the extent that the parties had submitted additional information quite recently before oral argument, if the issue is not resolved, the petitioner would request that the, yeah. Just one moment. Judge Fisher? No, I'm sorry, it's something with the other. Yeah, Judge Fisher, if you can hear me, this is Greg again. Whenever Greg switches over to counsel, whenever Greg switches over to counsel, he's bringing in all kinds of interferences. Just have to go back to the low volume location and do my best.  Low quality is better than current output. And the time has been stopped for you, Ms. Roy, not to worry. Thank you. Third jury will be all joined by Judge Fisher. Thanks for your patience, everyone. No problem at all. I understand all of a sudden my video stopped working right before we were supposed to start. So, these things happen. Okay, we have audio for Judge Fisher. I can't hear this volume. Yeah, I have it up top. Judge Phipps, how good is your volume there? It's good. I was thinking I could come over if you need to. No, I'm just thinking whether we should both be in the same location. That's what I was thinking. I was thinking I could come to your conference area. No, that's not the solution. The problem is here on this end. I was thinking I could bring my iPad. No, that's okay. Yeah, we'd have to push it back. We'd have to fill out the whole room. All right, we'll do our best. All right, Judge Fisher, you let us know if you're having any... I can hear Judge Schwartz and Judge Phipps. Okay, we'll give you a moment to get yourself organized. I'm good, I'm good. Okay, well, as I mentioned to Ms. Roy, when you were changing locations, we've stopped the clock and we're not gonna hold any of that against her. And I believe, Ms. Roy, what you were informing the court was you were reserving two minutes for rebuttal, acknowledging that there were additional submissions, which the court has reviewed and seen, made quite late yesterday, but we are fully prepared to hear your arguments and those of your adversaries. So, Ms. Roy, we'll hear you. Okay, thank you. And to end that point, if you need supplemental briefing, I would request that the court consider that before issuing a decision. However, the Third Circuit must now decide whether a mens rea of strict liability regarding knowledge of the age of the victim is sufficient to render petitioner's conviction an aggravated felony under Section 101A43A of the Act. To do so, the court must consider the statute structure, the egregiousness of the conduct, not of the actual conduct, but of the least culpable conduct that would sustain a conviction under the state statutes and the severity of the immigration consequences, and finally, the mens rea requirement. Petitioner posits that in this case- Ms. Roy, let me ask you a question before you get into that. We received a letter last night from opposing counsel and an email from Ms. Camilleri. It came through-well, it's dated yesterday and we received it last evening. And she talks about the fact that in addition to the aggravated-the grounds for removal under the aggravated felony, that there is an alternative ground of crime involving moral turpitude. Okay? Yes, that's correct. So I'd just like to know, before you get into your argument here, if that's the case, why isn't your argument about the aggravated felony, particularly since your client has already been removed to Guatemala, why isn't it moot? Well, for several reasons, Your Honor. First of all, my client can return to the United States if the court finds that, in fact, he should not have been removed. He's a lawful permanent resident. Second of all, Your Honor, and I had previously addressed this in my letter brief, which I submitted several days ago, and that is that, first of all, the immigration judge in this case made an error of law in relying on a LACA, because she said that an aggravated felony conviction is a per se, particularly serious crime. The BIA affirmed in one sentence. That's a mistake of law. And Chenery Doctrine would say that they shouldn't be allowed to stand on that basis. But I don't think that's what Judge Fischer is asking you. If I understand correctly, I think what he's asking you is putting aside the fact your client could return. There is an order of removal on two grounds, one based on aggravated felony status, one based on a CIMT. And if I understand Judge Fischer's question, if the CIMT conviction is not challenged, then why are we even engaging in a review process? There are courts that say if there's an unchallenged ground for removal, like in this instance, the conviction for CIMT, we lack jurisdiction to review the removal order. That's exactly what I was asking. And it seems more clear in the face of the letter that we received yesterday from the government. And really the question is, is whether or not you retain a legally cognizable interest in the outcome of our review of this aggravated felony question? Your Honor, the petitioner would say yes, because whether or not the respondent has a conviction for a CIMT is not dispositive of the merits of this case. And the respondent is eligible, not for discretionary relief, but statutory relief, should this court find that it's not a particularly serious crime. And so therefore the court retains jurisdiction. The petitioner is not arguing that the respondent is eligible for cancellation of removal. We would have retained jurisdiction if you had challenged it, but you didn't challenge it.  it would be the petitioner's argument that that only applies when we're discussing discretionary forms of relief. This is a fundamental issue, Your Honor, before we even get to that, and that is the BIA's mistake of law was not harmless error. It was a mistake of law that had absolute consequences because the petitioner does not need to challenge the CIMT ground in order to be eligible for statutorily prescribed relief from removal. And that's the big difference. If this is not a particularly serious crime, it doesn't matter whether it's a CIMT, Your Honor. He would have been eligible for withholding of removal. And withholding of removal under the Convention Against Torture. Those are not discretionary. And it is the petitioner's position that because both the IJ and the BIA ruled incorrectly on that basis, one, because they found that it was an aggravated felony, and two, they found that on a case-by-case basis, even applying Bastardo, which was not law at the time of the IJ or the BIA's decision, that impermissibly colored their decision-making process. Furthermore, on a case-by-case basis, which I can get to later, the petitioner argues that his conduct does not rise to the level of a particularly serious crime. So you're not challenging... I'm sorry, Judge Fisk, go ahead. Can I... Let me just trace out your argument a little bit. And there's going to be parts I'd like you to fill in. So I'm going to start tracing, and then I'd like you to fill in. If I understand what you're saying, you're saying, look, the order of removal rested on two grounds, aggravated felony slash particularly serious crime, and second, CIMT. And what you're saying is, OK, the CIMT isn't really before us right now. But... But what you're saying is we shouldn't resolve that. That doesn't change things from your client's perspective, because there would be options... Because by... Because the aggravated felony has certain consequences, immigration consequences, that a CIMT removal does not have. Am I understanding that correctly? That is absolutely correct. And so just... Can you just carry that ball maybe a little bit downfield to say... Just to be clear, if it's an aggravated felony basis for removal, then what options are available that aren't option... That aren't available in the CIMT space or vice versa? OK. If the respondent's conviction is an aggravated felony, he is not necessarily in tight... Well... Under Bastardo, assuming arguendo that... It does not have to be an aggravated felony in order to be a particularly serious crime. He would not be eligible for withholding of removal under the Immigration Act and withholding of removal under CAT, Convention Against Torture. He would only be removable under deferral of removal under CAT, which is a much lower form of relief. However, both withholding of removal and deferral of removal are not discretionary forms of relief. Had the immigration judge or the board found that he met the standards, there is no exercise of discretion. He is eligible to stay in the United States. And that's a huge difference. And, Your Honor, again, I only received Ms. Camilleri's response yesterday at 10 o'clock at night. So, honestly, did not have a chance to respond. Should you want me to go through a list of federal cases in which someone has a CIMT conviction? And, in fact, in this case, he also has a sexual abuse of a minor conviction. But yet the court still ruled on the aggravated felony issue. I can do that. I can't do it right this moment. But I think Judge Phipps is asking you just to take him through the thought tree, if I'm hearing him correctly. And I think what you got to was you're not challenging the fact that the crime of conviction constitutes a CIMT. But it is necessary for the court to evaluate whether it's also an aggravated felony because if it's an aggravated felony, it precludes him from withholding. If it's not an aggravated felony, you continue the thought tree. You're still asking this court to examine whether it is a particularly serious crime. Yes, Your Honor, thank you. That's very clear. And that's exactly what I'm trying to argue. And I think it's very important, Your Honors, that we get to this issue. I would, with all due respect to counsel, I would say that she raised that argument at the 12th hour precisely because the government is actually worried that you might find this crime not to be an aggravated felony. But we don't need to get into people's motivations. We just need to know. We need to know whether the law allows us to grant your client relief or not. Okay, fair enough. Fair enough. And so does that answer that series of questions? Yes, I'm satisfied. I wanted to deal with it up front. And as far as I'm concerned, you can go back to where you were on aggravated felony. Okay, thank you. Do you want to follow up at all on this subject? No. You made a case for why the aggravated felony determination has consequences beyond the CMIT determination that's not before us. Thank you. Okay, you're now going to ask us to look at whether- The mens rea. The mens rea issue. Should we decide that issue or should the BIA decide the issue? It's an interpretation of the INA at one level, but it also requires an analysis of some criminal statutes. Who should decide? Okay, Your Honor, I think this court should decide. And a reason being that the BIA itself is literally all over the place on this issue. In Cabeda, the BIA decision specifically said, we can't look to Restrepo anymore. That's not good law. Whereas in this case, the BIA said, no, we're still relying on Restrepo. Whether or not this court or any court of the Third Circuit overturns Restrepo does not make the petitioner's case. However, it does show that the BIA itself is very conflicted on this issue. Whereas, of course, the petitioner would be willing to take a remand, of course, it is our position that the Third Circuit should decide this issue. And with that, the importance is here that even assuming Restrepo remains good law, Rodriguez-Rodriguez, the underlying statute at issue 3509 has no mens rea requirements, nor should it because it's not a criminal statute. The Cabeda court found that mens rea existed as to knowingly, but took no position on whether or not there was a mens rea in the federal generic definition of knowledge of age of the victim. The important distinction here is that the federal statute at issue that we have been guided to look at by the Supreme Court at Esquivel-Quintero, Quintana, excuse me, and Cabeda is 18 U.S.C. 2243 and its accompanying statutes. 18 U.S.C. 2243 has four parts. The relevant parts in this case are that there is an affirmative defense, which is subsection C of sexual abuse of a minor, and subsection D is the state of proof requirement saying that the government need not show that the petitioner or respondent, defendant had knowledge of the age of the victim. That is missing in the New Jersey statute. There is no affirmative defense. Can I just intervene here? Yeah. Because these approaches ask us to look at the elements of the generic federal offense. Yes. But I view elements of an offense is different from affirmative defenses available to a certain offense. And so it's interesting to me that the way that the federal statute's structured, knowledge is an affirmative defense or lack of knowledge, I guess, is an affirmative defense, but knowledge is not an element. And so I guess one thing we could just say, hey, it's all part of the proof that's required. We'll just throw it all into the mix and it's all part of the proof and it's a generic federal statute and it all goes into the suit. Another option is to say, no, there's actually division. And what we look at is we look at elements and affirmative defenses are distinct from elements. And therefore the fact that this appears as an affirmative defense as opposed to an element doesn't matter for purposes of the analysis that we're engaged in. So can you kind of speak to whether you want to put it all into the soup all at once? And if you don't, then why should we, what difference does it matter that one's an affirmative defense? Yes, Your Honor, absolutely. The cases that I cite actually give a roadmap to answer that very question. Of course, I am aware of the United States Supreme Court, Kate Martin v. Ohio, that says that they're distinct elements and affirmative defenses. However, first of all, that was a much older case. Second of all, if you look at cases that I cited, first, we have the Supreme Court case, Karachuri v. Rosendo, in which the Supreme Court recently, more recently held that statutorily specific requirements are part and parcel of the generic federal definition of the crime at issue. We would argue that because the affirmative defense is actually subsection C rather than subsection D, it is part and parcel of the statutory elements. In addition, Rangel Perez v. Lynch, if you look at that case, the court found, first of all, that because the Utah statute was a strict liability offense by primarily addressing the fact that the government does not have to prove that it knew the age of the victim, it was not a categorical match to 18-2241 and 2243. I thought that that case was not making a specific ruling on age, but was really focused on the actus reus. It is focusing on the actus reus, but that is a direct quote from the court on the provision of 2241 and 2243. Well, let's focus, though, on the statute that Judge Fitz has directed your attention to, the 1FR. Is your position that this statute does not say knowledge of age is irrelevant? You don't have to prove knowledge of age, I should say. Under the New Jersey statute, yes. Do you agree that the federal statute says the same thing? No, and that's what I'm trying to get at. The federal statute at issue at Rangel Perez is the same one we're dealing with. In addition, if you look at our own precedent, Tyson, in which a similar statute said, contain neither knowledge of age as an element nor any mistake of fact as a defense, the court ordered that congressional intent and the fact that Congress specifically deleted the term knowingly. Well, in this case, Congress specifically put in the affirmative defense. So is it your position that in order for there to be a 2243 conviction, the federal government has to prove knowledge of age? No. No, it's an affirmative defense. It is a lower... So that means that a person could be convicted under a federal statute without any mens rea of age. They'd have the option of defeating the conviction, I suppose, by bringing up that affirmative defense. But the conviction itself would not be invalid if there's no proof of age, no proof of mens rea of age ever induced. That's correct, Your Honor. But in this analysis, in terms of whether or not it's an aggravated felony, we need to look at the least culpable conduct. And Esquivel tells us that, right, when we're considering that. And that's very important. That's why I laid those two factors out in the beginning. Because this court has to decide whether or not respondent's conviction under the statute is so egregious that it falls within sexual abuse of a minor like murder and rape. And to get there, I would also argue that in the case Donahua of the United States, the court found it's not an aggravated felony. So can I just maybe just carry this line of thinking one step further? And this is in my head. Okay. You know, the most common affirmative defense that I think of is statute of limitations, right? That's just, if someone says, think of an affirmative defense, I say statute of limitations. Now, when we do this sort of analysis, certain state crimes have different statute of limitations than certain federal crimes. And so when we get into the least capable analysis, least culpable conduct analysis, shouldn't we also get into mirroring statute of limitations to make sure that the state crime doesn't allow, you know, a longer period of statute of limitations in the federal crime or something along those lines? Because once we open the door to affirmative defenses, we should open to all of them, including statute of limitations. What do you think? I think your honor, if you look at Esquivel, the government cannot turn the categorical approach on its head by defining the federal deficient offense as whatever is illegal under the particular law of the state. I think the question is, is there a federal generic definition? And the issue we're trying to decide is a much narrower one, in my opinion. It is simply, does the New Jersey statute, is it a categorical match to the federal statute, the closest federal statute at issue? And to jump ahead, I mean, I would say Donahue, in that case, the court found that because there was an affirmative defense of mistake of fact, that's a drug case, not an aggravated felony. And interestingly, the government, in that case, argued the opposite position, that had it been in the statute, the mistake of fact, it would have been an aggravated felony. Ms. Wright, we've overstayed our time with you. I just want to make sure I understand you. Do you agree that under New Jersey law, there's no obligation to prove a defendant knew the age of the victim? Yes, your honor. And if I may just wrap up. I just want to finish my next question. Oh, I'm sorry. I'm sorry. It's okay. So you agree that that is not an element of the crime. Is it your position that because the age issue is in a section of the statute called affirmative defense, it is not an element of the crime? And if that's your position, then we have a match. Because in both circumstances, we don't have a requirement to prove age. Well, judge, if I may. In that case, I think that's where Moncrief comes into play. The modified categorical approach, which is what the government has argued applies in this case, and the BIA found in this case. So assuming arguendo, that the modified categorical approach applies, and we're allowed to look beyond the strict statutory construction, then we can look to the statute, the judgment of conviction, the indictment, the plea colloquy, et cetera. Well, in that case, then, if my client had pled guilty, we would have a plea colloquy. I'm not asking you a question about anything concerning the modified categorical approach. I'm asking you a question about the elements and whether or not it's your opinion that the elements don't match when they appear to require the same proof or non-obligation to prove. Both statutes don't require proof the defendant knew the victim's age. So there's a match, correct? Not completely. Because, and that's my whole argument, is that the federal statute allows an affirmative defense, which cuts into the mens rea and makes it non-strict liability. I see. All right. We'll have you back up on rebuttal and we'll hear from Mr. Avestero. I just had, if I could, I know that. Go, Judge Fischer. I know you want to move along here, but I did want to ask Ms. Roy, what about decisions, what relevance does the fact that in twice in presidential opinions, we held that a categorical match exists between sexual abuse for a minor and state crimes lacking any mens rea, specifically in Kapanen and Restrepo. What relevance, if any, does that have? Well, petitioner has argued, and continues to argue that Restrepo is no longer good law and should be overturned. But putting aside, I think Cabeda and Esquivel rendered that also immaterial for this particular analysis, because they both recognize that there is no mens rea requirement in Rodriguez-Rodriguez. And so we have to look at statute, but Your Honor, with all due respect, Rodriguez was decided in a time where the courts afforded Chevron difference to- What about Kapanen, the Pennsylvania statute on indecent assault? Well, Your Honor, I mean, there are also so many cases on, I mean, the Pennsylvania statutes are very different from the New Jersey statutes, right? I mean, the statute in Cabeda is different, the mens rea is less, but we have Salmorin and we have Tyson and we have Portanova, all third circuit precedent decisions that considered similar statutes and similar analysis and really did not refer to Restrepo or Rodriguez-Rodriguez at all. They looked beyond that and implied a more precise analysis of categorical approach or modified categorical approach and frankly found- So your answer is, your answer is, if I can paraphrase it, there's not much relevance. Yes, that's my answer. Okay. All right. I'll rest on that answer for now. We'll have you back up on rebuttal. Counsel will hear from you. Good morning, Your Honors. May it please the court. This is Dana Camilleri for the Attorney General. The government is happy to answer any questions about sexual abuse of a minor or the aggravated felony, but as we pointed out in our answering brief and reiterated in our filing yesterday, we have, and I believe Petitioner's Counsel has conceded that there's an unchallenged removability ground and moving to particularly serious crime after Bristardo, the agency no longer needs to reach aggravated felony in order to decide that a crime or conviction constitutes a particularly serious crime. And I do want to clarify this one point. In Petitioner's opening brief, she said a lack of applied in this case to the agency, and that's why we need to reach aggravated felony. She doesn't even cite Bristardo. However, when it was before the immigration judge, she requested that the immigration judge conducts the matter of NAM case by case analysis for particular serious crime. That request is on pages AR 218 to 20. And the IJ's decision says that that is why he's going to engage in the matter of NAM analysis, which is all that Bristardo requires. And there really has not been, apart from a cursory mention in her letter brief, there was no reply brief to our, our answering brief, counteracting our points concerning the particular serious crime and that with the case by case analysis, his conviction constitutes that. So it's our position that the court need not reach aggravated felony. That's no longer the law in the circuit and that the agency, and I will say the board adopted and affirmed that portion of the before this panel. So why yesterday's letter? Your honors, we did mention all of this in our answering brief. There was no reply brief. We were answering the court's questions concerning sexual abuse of a minor, but we didn't want to come in here without reiterating and alerting the panel to these facts that were raised in our, in our answering brief. Do you think, as I suggested in my question to Ms. Roy, that this challenge may be moot? I believe that the, well, she may have waived the actual review of the PSC finding in terms of case by case. Certainly deferral of removal is before this court. If we wanted to get into that. And again, I think that we can defend on the case by case analysis for the particular serious crime. But I believe the aggravated felony challenge is moot given the law in the court.  the removal order in her briefing. But, but if we say it's moot. What will we do? I mean, will we say it's moot and then we'd leave the removal order in place. Well, The removal order in place has. Aggravated felony in PSC sort of findings to it. And so. I mean, maybe, maybe it is moot. Except if we say it's moot, then we're leaving that order in place and wouldn't those findings in that order still affect the future immigration possibilities for petitioner? Well, your honor. And that's what I'm trying to get at. The CIMT is the removability ground. So he would remain removable. That's been waived in terms of that. That's easy. That's easy. In terms of withholding of removal and asylum and the particular serious crime. You don't have to reach aggravated felony because the agency did do the case by case with his conduct, looking at mitigating factors. I believe they looked at the fact that he didn't have a prior conviction record. And there's, there's a lengthy. Analysis of that, that this court can consider. I would also argue it may have been waived. Given the opening brief in this case and then look to deferral of removal, which is relief that he is. And just declined to reach aggravated felony under Bogama spot. It's not relevant to this, to the outcome disposition. So another frame would be even assuming his conduct is not an aggravated felony. Your position is he has a conviction that constitutes a CIMT and that the decision that it constitutes a particularly serious crime is supported. Yes. Therefore deny the petition. That's your thought tree. That's correct, John. So that's a little different than mootness, but it's, it's a way to deny the petition. I mean, I mean, mootness kind of throws it, but, but, but that is, that's a grounds to deny the petition because you say, look, the ultimate outcome supported by the BIA on reasons that it gave, thanks to generic, we're limited to those is still manifest from its work, right? That's correct. Assume we conclude, we still need to examine the impact of this conviction as a potentially designated aggravated felony because of potential consequences. Your adversary is making the argument that because the issue concerning lack of a need to prove age is categorized in an affirmative defense in the federal statute, it renders it not a categorical match to the state statute. Please let me know what your response is. Your honor. My response to that is twofold. Our primary thought is that reading cabata cabata one Restrepo is still good law. So that argument is pretty much foreclosed by a cabata. Two, the analysis of cabata, although they expressly declined to reach the mens rea as the victim's age, the analysis sort of leads us to that logical conclusion. If 22 43 a is the framework that the court should look to when determining mens rea for sexual contact contact, we argue that it is also the appropriate statute to look for the mens rea for the victim. And I know that there were a lot of 28 J's going back and forth, um, the 10th circuit after Rangel Perez, which doesn't quite say in my opinion, what petitioner is saying, it says, but in Bedolla's Irati, they found this exact issue. They consider this issue and they said that there's no mens rea as to the victim's age in the federal generic definition. And that is also the case in this statute here. Every, did either of those cases really give a reason why did they address this? Um, why are we looking at 22 43 or why, um, we can turn to something about the affirmative defense to become educated on the mens rea requirement? There were a few cases that did discuss the affirmative defense. Um, I believe I cited them or I responded to petitioners council, uh, yesterday also, um, including Tyson that I just don't really support her argument. Um, pretty much every court in the criminal or immigration context has said, barely references the affirmative defense in many ways. They say it's not appropriate. And that, um, the, that the not, sorry, excuse me, to go back, for example, USB Tyson, which petitioners council cited and which is third circuit and, uh, looks at other statutes, um, other federal statutes concerning, uh, in minors and the court noted quote, criminal statutes aimed at protecting children have long been considered exempt from general Sienta presumption. And it just, that is the tenor of all the case law is that federally, uh, at least under 22 43 a, there is no requirement that the perpetrator know the victim's age. And that is what we have as petitioners council admitted in the New Jersey statute. So we think this is a categorical match. And so you're asking us not only to consider the structure of the 20 of 22 43 and sort of where it might appear and how it's being used by our court in Kibeda on the act component, but you're also asking us to look at the case laws, how it's construed this, this statute. And by its construction, it talks about what must be, what must be proved and not proved. And it's your position that the government need not prove age knowledge of age and in a federal statute. And if we were applying a state statute, the prosecutor need not prove age. And therefore there's a match. That's correct. And, and as I said, um, and I, one of my 28 J's had the roundup of the, your sister circuits and everyone has come to that conclusion as well. Okay. Judge Fitz, do you have any further questions for council? No, thank you. Okay. Judge Fisher. No, I do not. All right. Thank you. Thank you for your argument. Thank you very much. You're welcome. And Ms. Roy, we'll have you back on for your rebuttal. Quickly. Um, in answer to judge Fitz question, you know, why should we just not rule on the petition and leave the aggravated felony, um, ground out there? It, it has a huge actual impact on response on, excuse me, petitioner, the respondents below, um, because he's been deported. And so therefore, if he has an aggravated felony, um, charge, it impacts how, how long he must wait outside the United States legally before he can come back into the United States. And I don't have the statutory citation at my fingertips right now, but I can get it. Whereas if it's only a CIMT and a sexual abuse of a minor, you know, uh, child abuse grounds of removability, he can come back sooner. So whatever this court decides, I would ask that you not just find that it's, that it's okay to not regard that issue because it has a clear and specific direct impact on his life, regardless of whether or not, um, you ultimately decide that he's eligible to come back to the United States right now. So, um, regarding. Can't he, can't he, uh, if he wants to come back in the United States, uh, can he seek a waiver of inadmissibility as an aggravated felon? Yes, but the time that he has to remain outside the United States is longer. How much longer? I believe your honor, it would be 10 years over five years, but I would ask the court's permission to supplement that to be precise. Oh, we would not suggest the statutory citation. We don't need anything else. Understood. Understood. Um, but so that, that does have a direct impact on his life. Um, second of all, there's nothing in the federal rules that requires a reply brief. And my client went back and forth about whether or not he wants to continue this case because he was in detention specifically, uh, during COVID times before he got deported. Um, and so I was in a difficult position as to whether or not we would continue or withdraw. He has been deported and he is living in fear of his life right now. He is literally hold up, not germane to anything other than counsel's point that, um, he's, he wants to continue this case, which is why there was no reply brief filed at the time. Um, but it's not a requirement. Doesn't mean that I've waived an issue. I did petitioner did discuss at length the issue of particular serious crime in my opening brief, as well as below. Um, yes, the immigration judge did do a case by case analysis under NAM. We would, we argue, and we did argue that she got that wrong. So whether or not, um, and we would further argue that judge Garcia used the fact that it was her mistaken impression that an aggravated felony, um, makes it a per se particularly serious crime that, that colored all of her analysis and the board did nothing to address that. But start, oh, the, the, the conduct in Vistardo, the conduct in Cabeda is significantly worse than the conduct we have here. And that's really important because under Esquivel Cabeda, you have to consider the egregiousness of what we're asking. We are asking that a gentleman on a worst case scenario intentionally touched the private parts of a girl he did not know at the beach while they were tumbling through the waves, through the clothing without any knowledge whatsoever of her age or any intent necessarily to, to commit sexual abuse of a minor. And he continued to maintain his innocence throughout, did not take pretrial intervention, which would have taken care of this whole issue went to trial was found guilty. The Supreme court of the state of New Jersey found that his criminal attorney committed ineffective assistance of counsel and has set it down for an evidentiary hearing, which is still pending. That is hardly the kind of action in my humble opinion. Yes, it's reprehensible, but is it the same as murder, rape or sexual abuse of a minor? Is it the same of having sexual relations when you're in your thirties with your student for three years? Is it the same as the situation in Vistardo? It is not. And you must, when we're under your precedent, under the Supreme court precedent, you must consider the egregiousness of the least culpable conduct, the statutory position of sexual abuse of a minor at 101A43A. And before you make your analysis, not every crime in which a person dies is murder. Thank you. Yeah. Yeah. We, we, I think we understand. I just wanted to ask my colleagues if they have any further questions before we conclude judge Phipps. I know. Thank you. Judge Fisher. Okay. Thank you. We thank counsel for your arguments in this slightly unusual way to proceed and your patience as we got it together. But it was a pleasure to have both of you in front of us. We would like that letter by the close of business. Say just those citations with the parentheticals. That's all we need. We won't need a response because we're only asking for sites unless there's a miss site, but I asked you to confer perhaps to make sure you guys have a call. So we get one letter just with the site. We'll take them out around the environment. Thank you both. Stay healthy and stay safe to you and your family and friends.